FILED
IN THE COURT OF COMMON PLEAS OF
BELMONT COUNTY, OHIO

| | |
|---|---|
| Joseph Fry<br>1475 Belmont St.<br>Bellaire, OH 43906,<br><br>Plaintiff<br><br>v.<br><br>Remington Arms Company, LLC<br>870 Remington Dr.<br>Madison, NC 27025,<br><br>and<br><br>Winchester Ammunition, Inc.<br>427 N. Shamrock St.<br>East Alton, IL 62624,<br><br>and<br><br>John Does #1 Through #5,<br>Firearm Manufacturers and<br>Distributers, Ammunition<br>Manufacturers and<br>Distributers, Sole<br>Proprietorships, Corporations<br>Or Other Business Entities<br>Names Unknown<br>Addresses Unknown,<br><br>Defendants. | 2012 SEP 10 AM 12:51<br>CYNTHIA K. Mc...<br>CLERK OF COURT<br><br>CIVIL COMPLAINT FOR<br>PERSONAL INJURIES AND<br>DAMAGES AND JURY DEMAND<br>ENDORSED HEREON<br><br>Civil Action No.: 12CV412<br><br>Judge: _____ |

Now comes the plaintiff and for his cause of action against the defendants, states and alleges, as follows, to-wit:

(1) Plaintiff Joseph Fry (hereinafter referred as "Plaintiff Fry") is an adult individual and resident of the State of Ohio whose last known address is 1475 Belmont St., Belmont County, Ohio.

(2) Based upon information and belief, Defendant Remington Arms Company, LLC, (hereinafter referred to as "Defendant Remington") is

and at all times material herein a foreign business/corporation which does actively and systematically conduct, contract, and transact business throughout the State of Ohio, by delivering, distributing and/or wholesaling their manufactured products, including the Remington 870 Super Mag 12 gauge pump-action shotgun, to businesses for wholesale and/or retail sale within the State of Ohio; and more specifically Defendant Remington contracted with, and/or sold, and/or wholesaled its manufactured products, including the Remington 870 Super Mag 12 gauge pump-action shotgun to Walmart and/or other known or unknown distributors throughout the state of Ohio thereby purposely availing themselves of the privileges and benefits of conducting business within the State of Ohio; Defendant Remington's principal office is located at 870 Remington Dr., Madison, NC 27025; and Defendant Remington's service of process address is c/o CT Corporation System, 150 Fayetteville St., Box 1011, Raleigh, NC 27601.

( 3) Based upon information and belief, Defendant Winchester Ammunition, Inc., (hereinafter referred to as "Defendant Winchester") is and at all times material herein a foreign business/corporation which does actively and systematically conduct, contract, and transact business throughout the State of Ohio, by delivering, distributing and/or wholesaling their manufactured products, including the Universal 12 gauge, 2 3/4 inch, 6 shot shells, to businesses for wholesale and/or retail sale within the State of Ohio; and more specifically Defendant Remington contracted with, and/or sold, and/or wholesaled its manufactured products, including the Universal 12 gauge, 2 3/4 inch, 6 shot shells, to Walmart and/or other known or

unknown distributors throughout the state of Ohio thereby purposely availing themselves of the privileges and benefits of conducting business within the State of Ohio; Defendant Winchester's principal office is located at Winchester Ammunition, 427 N. Shamrock St., East Alton, IL 62624; and Defendant Winchester's service of process address is c/o CT Corporation System, 208 South Lasalle St., Ste 814, Chicago, IL 60604.

( 4) At all times relevant herein, Plaintiff Fry was without contributory negligence and/or comparative negligence and using ordinary and reasonable care.

( 5) The Remington 870 Super Mag 12 gauge pump-action shotgun was manufactured, developed, designed, produced, maintained, sold, supplied, engineered and/or assembled by Defendant Remington; and Defendant Remington sold and/or delivered the Remington 870 Super Mag 12 gauge pump-action shotgun to Walmart and/or other known or unknown distributors for retail sale.

( 6) The Winchester Universal 12 gauge, 2 3/4 inch, 6 shot shells were manufactured, developed, designed, produced, maintained, sold, supplied, engineered and/or assembled by Defendant Winchester; and Defendant Winchester sold and/or delivered the Universal 12 gauge, 2 3/4 inch, 6 shot shells to Walmart and/or other known or unknown distributors for retail sale.

( 7) Based upon available information and belief, the negligently manufactured, developed, designed, produced, maintained, engineered and/or assembled Remington 870 Super Mag 12 gauge pump-action

3

shotgun was substantially in the same condition, without modification, as when it left the hands of Defendant Remington and into the stream of commerce to the Moundsville, WV Walmart store.

( 8) Based upon available information and belief, the negligently manufactured, developed, designed, produced, maintained, engineered and/or assembled Universal 12 gauge, 2 3/4 inch, 6 shot shells were substantially in the same condition, without modification, as when they left the hands of Defendant Winchester and into the stream of commerce.

( 9) On or about September 10, 2010, the Remington 870 Super Mag 12 gauge pump-action shotgun and the Winchester Universal 12 gauge, 2 3/4 inch, 6 shot shells, were purchased from the Walmart store located at 10 Walmart Dr., Moundsville, WV 26041.

(10) On or about September 2010, on property located on CR 4, Martins Ferry, Belmont County, Ohio, Plaintiff Fry was firing the Remington 870 Super Mag 12 gauge pump-action shotgun with the Winchester Universal 12 gauge, 2 3/4 inch, 6 shot shells, when the Remington 870 Super Mag 12 gauge pump-action shotgun malfunctioned and/or exploded as the safety mechanism was disarmed, thereby destroying and/or dislodging the trigger mechanism, releasing shots and/or shrapnel from the Winchester Universal 12 gauge, 2 3/4 inch, 6 shot shells, and causing severe injuries and damages to the plaintiff as are hereinafter set forth.

## Count I

### (Liability – Defendant John Does)

(11) Plaintiff hereby incorporates each and every allegation contained in paragraphs (1) through (10) as if fully set forth herein.

(12) Based upon information and belief, Defendant John Does #1 through #5 (hereinafter referred to as "Defendant John Doe(s)") is and were firearm manufacturers and distributors, ammunition manufacturers and distributors, sole proprietorships, corporations or other business entities actively doing business in the State of Ohio; Defendant John Doe(s) did and/or do actively and systematically conduct, contract and transact business in the State of Ohio and have multiple contacts with the State of Ohio, thereby purposefully availing themselves of the privileges and benefits of conducting business within the State of Ohio, more specifically Defendant John Doe(s) contract with, deliver, distribute, sell, retail, and/or wholesale their manufactured goods and products, most notably the Remington 870 Super Mag 12 gauge pump-action shotgun and the Winchester Universal 12 gauge, 2 3/4 inch, 6 shot shells, for retail sale within the State of Ohio; and Defendant John Doe(s) identity is currently unknown to the plaintiff.

(13) The true name and capacity of Defendant John Doe(s) could not be discovered by the plaintiff at this time, so the

plaintiff has accordingly sued these unknown Defendant John Doe(s) under this fictitious name as the plaintiff has been unable to determine said identity of Defendant John Doe(s).

(14) When the true name(s) of Defendant John Doe(s) have been ascertained, the plaintiff will seek leave to amend this Complaint accordingly.

(15) Plaintiff believes Defendant John Doe(s) may be legally responsible for the events and occurrences hereinafter described in this Complaint and Defendant John Doe(s) actions are a direct and proximate cause of plaintiff's injuries and damages as set forth hereinafter.

(16) As a direct and proximate result of the acts described in this count, the plaintiff was damaged and injured as hereinafter set forth.

### Count II

### (Strict Liability)

(17) Plaintiff re-pleads each of the allegations contained in Paragraphs (1) through (16) of this Complaint as if fully set forth herein.

(18) Defendants manufactured, assembled, designed, built and/or manufactured a defective product, most notably the Remington 870 Super Mag 12 gauge pump-action shotgun and/or the Winchester Universal 12 gauge, 2 3/4 inch, 6 shot shells, which were not reasonably safe for their intended use and which were unreasonably dangerous when put to their reasonably anticipated

6

use of firing.

(19) Defendant Remington designed a defective product, Remington 870 Super Mag 12 gauge pump-action shotgun, in that the product was more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

(20) Defendant Winchester designed a defective product, Winchester Universal 12 gauge, 2 3/4 inch, 6 shot shells, in that the product was more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

(21) The Remington 870 Super Mag 12 gauge pump-action shotgun and/or the Winchester Universal 12 gauge, 2 3/4 inch, 6 shot shells, as manufactured and/or designed and placed into the stream of commerce were defective and unsafe.

(22) The defective Remington 870 Super Mag 12 gauge pump-action shotgun and/or Winchester Universal 12 gauge, 2 3/4 inch, 6 shot shells, being used for their ordinary intended purpose, and placed into the stream of commerce, were the direct and proximate cause of the Plaintiff's injuries and damages as hereinafter set forth; Defendants failed to warn or failed to adequately warn Plaintiff of the known dangerous products, when the Defendants failed to take the precautions that a reasonable person would take in presenting the Remington 870 Super Mag 12 gauge pump-action shotgun and/or Winchester Universal 12 gauge, 2 3/4 inch, 6 shot shells to the public; and Defendants designed, manufactured, sold, delivered, or distributed the Remington 870 Super Mag 12 gauge

pump-action shotgun and/or Winchester Universal 12 gauge, 2 3/4 inch, 6 shot shells in a defective, unreasonably dangerous condition to the user or consumer which caused physical harm, injuries and damages, to the ultimate user or consumer, Plaintiff Fry.

(23) As a direct and proximate result of the acts described in this count, the plaintiff was damaged and injured as hereinafter set forth.

### Count III

#### (Negligence)

(24) Plaintiff re-pleads each of the allegations contained in Paragraphs (1) through (23) of this Complaint as if fully set forth herein.

(25) Defendants negligently and carelessly manufactured, designed, produced, constructed, assembled, inspected, tested, delivered, distributed, sold and otherwise placed the defective, hazardous, dangerous, malfunctioning, and/or misfunctioning Remington 870 Super Mag 12 gauge pump-action shotgun and/or Winchester Universal 12 gauge, 2 3/4 inch, 6 shot shells, into the stream of commerce.

(26) As a direct and proximate result of the acts as alleged in this count of the Complaint, the plaintiff was damaged and injured as is hereafter set forth.

### Count IV

#### (Breach of Warranties)

(27) Plaintiff re-pleads each of the allegations contained in Paragraphs (1) through (26) of this Complaint as if fully set forth

8

herein.

(28) Defendants breached their express and/or implied warranties in the manufacture, design, delivery, assembly, distribution, use and/or sale of the Remington 870 Super Mag 12 gauge pump-action shotgun and/or Winchester Universal 12 gauge, 2 3/4 inch, 6 shot shells, including its warranty that the Remington 870 Super Mag 12 gauge pump-action shotgun and/or Winchester Universal 12 gauge, 2 3/4 inch, 6 shot shells were of good and merchantable quality, and fit and safe for its ordinary intended purpose, most notably firing, as was being performed by Plaintiff Fry at the time of the incident hereinbefore described.

(29) Plaintiff Fry used the Remington 870 Super Mag 12 gauge pump-action shotgun and/or Winchester Universal 12 gauge, 2 3/4 inch, 6 shot shells as alleged herein, relying on the express and implied warranties of Defendants.

(30) As a direct and proximate result of the acts alleged in this count of the Complaint, the plaintiff was damaged and injured as hereinafter set forth.

### Count V

#### (Gross Negligence and Reckless Conduct)

(31) Plaintiff re-pleads each of the allegations contained in Paragraphs (1) through (30) of this Complaint as if fully set forth herein.

(32) Defendants were grossly negligent and/or reckless in the manufacture, design, production, construction, assembly, inspection,

testing, delivery, distribution, sale and otherwise placing the defective Remington 870 Super Mag 12 gauge pump-action shotgun and/or Winchester Universal 12 gauge, 2 3/4 inch, 6 shot shells into the stream of commerce, thereby permitting the products to be sold, distributed and delivered in an unreasonably dangerous and/or unsafe, defective condition.

(33) As a direct and proximate result of the acts alleged in this count of the Complaint, the plaintiff was damaged and injured as hereinafter set forth.

### Punitive Damages

(34) Plaintiff repleads each of the allegations contained in Paragraphs (1) through (33) of this Complaint as if fully set forth herein.

(35) The acts of the Defendants as described in each count of this Complaint were done intentionally and/or with gross negligence and/or recklessness and/or were the result of misconduct that manifests a flagrant disregard of the safety of persons who might be harmed by the defective, hazardous, dangerous, malfunctioning, and/or misfunctioning Remington 870 Super Mag 12 gauge pump-action shotgun and/or Winchester Universal 12 gauge, 2 3/4 inch, 6 shot shells, and/or outrageously and/or with criminal indifference to the civil rights and obligations affecting the plaintiff.

(36) As a direct and proximate result of the acts alleged in this count of the Complaint, the plaintiff was damaged and injured as hereinafter set forth.

10

### Damages

(37) Plaintiff repleads each of the allegations contained in Paragraphs (1) through (36) of this Complaint as if fully set forth herein.

(38) As a direct and proximate result of each act alleged in each count of this Complaint, the plaintiff has been damaged and injured as follows:

(a) Plaintiff Fry was caused to be injured to the following, but not limited to, areas of his body: in and about his head, back, neck, lower extremities, body chemistry, memory, hearing, psyche, and other body parts, both internally and externally; and inasmuch as all or part of his injuries are permanent and lasting in nature, he has and will in the future suffer great pain and suffering of the body and mind;

(b) Plaintiff Fry has been caused to incur diverse and sundry hospital and medical expenses for medical care and attention to date in an amount as yet undetermined and inasmuch as all or part of Plaintiff Fry's injuries are permanent and lasting in nature, he has and will in the future suffer diverse and sundry expenses for medical care and attention in an effort to treat and effect a cure for his injuries; and he has suffered a diminution in his ability and capacity to care for himself and enjoy a normal life, all of which will continue into the future;

(c) Plaintiff Fry has been prevented from carrying out the duties and responsibilities of his life; Plaintiff Fry has been

prevented from leading his life socially and recreationally as he had prior to this accident; Plaintiff Fry has suffered a loss of earnings and future loss of earnings; Plaintiff Fry has suffered an inability to perform normal activities; and all of which will continue into the future;

**WHEREFORE**, Plaintiff Joseph Fry demands judgment against the Defendants, Remington Arms Company, LLC, Winchester Ammunition, Inc., and John Does #1 Through #5, jointly and severally, in an amount that would adequately compensate Plaintiff Joseph Fry for the negligent, reckless and careless acts of the Defendants, Remington Arms Company, LLC, Winchester Ammunition, Inc., and John Does #1 Through #5, plus whatever other relief the Court or Jury would deem just; Further, Plaintiff Joseph Fry demands an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), together with punitive damages against each of the defendants, Remington Arms Company, LLC, Winchester Ammunition, Inc., and John Does #1 Through #5, jointly and severally, in excess of the minimum jurisdictional limits of this court and in an amount adequate to satisfy all reasons of Ohio law and public policy for an award of punitive or exemplary damages.

<u>**JURY DEMAND ENDORSED HERON ON ALL ISSUES BY PLAINTIFF**</u>.

JOSEPH FRY,

By: _____
    Plaintiff's Counsel

STATE OF OHIO
BELMONT COUNTY
CYNTHIA K. MCGEE, CLERK OF COURTS, DO HEREBY CERTIFY THAT THE ABOVE IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN THIS OFFICE.

CYNTHIA K. MCGEE, CLERK OF COURTS
BY_____DEPUTY

12

Theodore L. Tsoras, Esq.
Trial Attorney for Plaintiff
Ohio Supreme Court I.D. No.: 0081427
**ROBINSON LAW OFFICES**
1140 Main St Fl 3
Wheeling, WV 26003-2704
phone: (304) 233 - 5200
fax: (304) 233 - 2089
email: ttsoras@robinsonlegaloffices.com